## Commonwealth v. O'Gorman

*Lewis W. Wetzel*, for appellant.

*William A. Degillio*, for Secretary of Revenue.

SCHIFFMAN, J., January 15, 1970.—This is an appeal from the suspension of defendant's operating privileges for a period of four months by the Secretary of Revenue of the Commonwealth of Pennsylvania.

Defendant was convicted of traveling 99 miles per hour in a 65-mile-per-hour zone on I-81 in Pittston Township, Luzerne County, Pa., on August 19, 1969. Subsequent to a departmental hearing, defendant was advised by the Secretary of the Commonwealth of Pennsylvania that his operating privileges were suspended for a period of four months. This appeal was taken from that suspension.

The suspension was assessed in the discretion of the Secretary of Revenue pursuant to section 618(b)(2), Act of April 29, 1959, P. L. 58, as amended, 75 PS §618. The mandatory point system for violations of the Vehicle Code does not apply to conviction upon interstate highways, under section 1002(b)(8) of The Vehicle Code, as amended August 23, 1961, P. L. 1118, sec. 2. Under such circumstances, defendant's appeal, pursuant to section 620 of The Vehicle Code, as amended August 6, 1963, P. L. 509, sec. 1, must be de novo. Mindful of this proscription, the court set a date and place for hearing herein upon submission of the appeal and due notice thereof was given the Commonwealth of Pennsylvania, Department of Revenue.

At the appointed time and place, appellant and his counsel appeared before this court. Counsel for the Commonwealth also appeared along with one State Police officer who was part of the two-man radar team which made the arrest in this case.

Counsel for the Commonwealth requested a continuance on the basis that the second member of the radar team, the radar meter reader, was unavailable.

He stated that the police officers had not been notified sufficiently in advance of the hearing in order to make themselves available by the Department of Revenue, Commonwealth of Pennsylvania.

Appellant strongly objected to the continuance being granted. In view of defendant's objection and because of the circumstances surrounding the officer's failure to appear, the court denied the continuance and proceeded to hearing.

At the hearing, the only testimony presented to support the Commonwealth's case was that of the officer who had stopped or intercepted defendant's vehicle, pursuant to the directions of the officer who had read the radar meter. He had not personally followed, nor in any way determined the speed of defendant. At the conclusion of Commonwealth's testimony, counsel for defendant demurred, contending that the Commonwealth had not met its burden of proof.

It has been held by this, as well as other courts of the Commonwealth that the Commonwealth cannot meet its burden of proof in the absence of the testimony of the officer who made the radar reading and determined the speed of the offender. See Commonwealth v. Warren H. Mekeel, January term, 1966, 931, Common Pleas Court of Luzerne County; Hymes License, 32 D. & C. 2d 161.

Accordingly, we enter the following

## ORDER

Now, January 15, 1970, at 3 p.m., (EST), the demurrer of defendant is sustained, the appeal of George G. O'Gorman from the order of the Secretary of Revenue of August 19, 1969, suspending his operating privileges for a period of four months from September 3, 1969, is sustained and the suspension order of the secretary is hereby reversed and appellant's operating privileges reinstated.